Cite as 2022 Ark. 38

# SUPREME COURT OF ARKANSAS

No. CV-21-221

| | |
|---|---|
| WALLACE A. GARDNER<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | Opinion Delivered: February 17, 2022<br><br>PRO SE APPEAL FROM THE LINCOLN<br>COUNTY CIRCUIT COURT; MOTION<br>TO AMEND APPEAL<br>[NO. 40CV-20-110]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED; MOTION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

In 2004, a Pulaski County jury found appellant Wallace A. Gardner guilty of capital

murder and aggravated robbery for which he was sentenced as a habitual offender to an

aggregate term of life imprisonment without parole. Gardner appealed his convictions and

sentences, and we affirmed. *Gardner v. State*, 364 Ark. 506, 221 S.W.3d 339 (2006). Gardner

now appeals the denial and dismissal of a petition for writ of habeas corpus filed in the

county of his incarceration pursuant to Arkansas Code Annotated section 16-112-101 (Repl.

2016).[1] Gardner alleged in his petition that his convictions and sentences are invalid

essentially because the prosecutor did not sign the criminal information and because he was

charged by criminal information instead of being charged by grand-jury indictment. As there

---

[1]Gardner subsequently filed a motion to amend appeal including 172 pages of
appended documents for this court's consideration.

are no grounds stated in either the petition filed in the circuit court or in his appellate arguments on which a writ of habeas corpus could issue, we deny Gardner's motion to amend appeal and affirm the circuit court's order.[2]

I. *Writ of Habeas Corpus*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl.

_____

[2]Gardner also filed in the circuit court a motion for appointment of counsel and motion to amend petition. Although the motion to amend stated that Gardner merely sought to submit evidence and documentation to support his original habeas petition, Gardner raised additional claims regarding the sufficiency of the evidence that he contended "the State withheld from a grand jury, and the jury it-self[.]" The circuit court's order denied the motion for appointment of counsel as well as the motion to amend. Gardner does not challenge the circuit court's rulings on either motion on appeal. Claims that are raised below but have not been reasserted on appeal are considered abandoned. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385.

2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## II. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

## III. *Claims for Relief*

On appeal, Gardner argues, as he did below, that the felony information was invalid, rendering his judgment and commitment invalid and divesting the trial court of jurisdiction. Specifically, Gardner contends that the "head prosecutor's" own handwritten signature is not on the criminal information and that the deputy prosecuting attorney lacks authority to sign for the head prosecuting attorney, rendering his convictions void. Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in habeas proceedings. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. However, allegations of a defective information are generally not considered

3

jurisdictional and are instead treated as trial error. *Id.* We have previously rejected Gardner's same arguments regarding a deputy prosecutor's signature on a criminal information. *See Benson v. Payne*, 2021 Ark. 18. An information filed in the name of a deputy prosecutor is voidable rather than void and therefore is not within the purview of a habeas proceeding.[3] *Randle v. Straughn*, 2020 Ark. 117, 595 S.W.3d 361 (citing *State v. Eason & Fletcher*, 200 Ark. 1112, 143 S.W.2d 22 (1940)).

Gardner also references amendment 21 and notes that during his jury trial, two deputy prosecuting attorneys were entrusted with the prosecution in lieu of the elected prosecuting attorney, who is entrusted with the power to institute "prosecutions, [as] he takes the place of a grand jury" and is the only one duly authorized to prosecute. In making this claim, Gardner claims that the elected prosecutor may not delegate his or her duty of determining whether there is sufficient cause to justify an indictment against the accused, thereby rendering Gardner's convictions and sentence invalid. Amendment 21, section 1 states that "[a]ll offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the Prosecuting

---

[3]Relying on *Johnson v. State*, 199 Ark. 196, 133 S.W.2d 15 (1939), Gardner makes a generalized claim that the authority to sign an information cannot be delegated unless by "special direction" and that those powers are lodged with the United States Attorney and Attorney General. This court addressed the issue in *Johnson* and stated that the term "voidable" should have been used, and the information, being voidable only, is sufficient to bring the defendant before the court. *State v. Eason & Fletcher*, 200 Ark. 1112, 143 S.W.2d 22 (1940).

4

Attorney." Ark. Const. amend. 21, § 1. With regard to Gardner's present claim, there appears to be little to differentiate it from his prior claim except for his specific reference to Amendment 21.[4] Nevertheless, there is, prima facie, a presumption that a deputy prosecuting attorney acts under the direction of his superior, and a deputy prosecuting attorney, legally appointed, is generally clothed with the powers and privileges of the prosecuting attorney. *Eason*, 200 Ark. 1112, 143 S.W.2d 22; *Martindale v. Honey*, 259 Ark. 416, 533 S.W.2d 198 (1976).

Gardner's final claim is that because he was charged with capital felony murder and aggravated robbery as the underlying felony, he should have been held to answer the charges by indictment of a grand jury pursuant to article 2, section 8 of the Arkansas Constitution and the Fifth Amendment. Gardner contends that there is no authority that provides a prosecuting attorney singular authority to charge an accused in lieu of a grand jury "unless it's less than a felony," and to the extent there is any conflict between Arkansas and federal law regarding how criminal offenses should be charged, the Supremacy Clause dictates that amendment 21 of the Arkansas Constitution is in direct conflict with the Fourth, Fifth, and Fourteenth Amendments. Article 2, section 8 of the Arkansas Constitution requires that a defendant shall not "be held to answer a criminal charge unless on the presentment or

---

[4]Gardner's claim does not appear to challenge the color of authority or title by which the deputy prosecuting attorneys were acting, i.e., that they were duly-sworn deputy prosecuting attorneys. *See generally Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998). Even so, such a challenge is a collateral attack that does not implicate either the jurisdiction of the court or the validity of the judgment and is not cognizable in habeas proceedings. *Id.*

5

indictment of a grand jury[.]" Amendment 21, section 1, however, provides that informations may be used in the same manner as indictments. *See Hagen v. State*, 315 Ark. 20, 864 S.W.2d 856 (1993). This court has held that a defendant has no constitutional right to be indicted by a grand jury and that amendment 21 to the Arkansas Constitution, which permits indictment by information, is constitutional. *See McClinton v. State*, 2018 Ark. 116, 542 S.W.3d 859; *see also Bennett v. State*, 307 Ark. 400, 821 S.W.2d 13 (1991). Moreover, we have said that the allegation is not cognizable in a habeas proceeding. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). The circuit court did not clearly err when it rejected Gardner's claim for habeas relief.

Affirmed; motion denied.

*Wallace A. Garnder*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.