Cite as 2022 Ark. 127

# SUPREME COURT OF ARKANSAS
No. CV-21-373

| | |
|---|---|
| WILLIE HUTCHERSON | **Opinion Delivered:** June 2, 2022 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LEE |
| V. | COUNTY CIRCUIT COURT; MOTION |
| | TO EXPEDITE |
| | [NO. 39CV-20-86] |
| DEXTER PAYNE, DIRECTOR, | HONORABLE DANNY GLOVER, |
| ARKANSAS DEPARTMENT OF | JUDGE |
| CORRECTION | |
| APPELLEE | <u>AFFIRMED; MOTION MOOT</u>. |

**BARBARA W. WEBB, Justice**

Appellant Willie Hutcherson appeals the dismissal of his pro se petition for writ of

habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016)

in Lee County, which is the county where he is incarcerated. In May 2022, Hutcherson filed

a motion to expedite this appeal, and the motion is now moot. Hutcherson primarily

contended in the petition that his judgment and commitment order is illegal on its face

because it incorrectly reflects that all charges for which he was convicted occurred on the

same date. The circuit court found that Hutcherson had failed to establish probable cause

for issuance of the writ and denied the petition. We affirm.

I. *Background*

In 2000, a Pulaski County Circuit Court jury found Hutcherson guilty of four counts

of aggravated robbery, three counts of misdemeanor theft of property, and one count of

felony theft of property. Hutcherson was sentenced as a habitual offender to 720 months'

imprisonment for each count of aggravated robbery to be served consecutively for an aggregate term of 2880 months' or 240 years' imprisonment. The remaining sentences for theft of property were imposed concurrently. His convictions and sentences were affirmed by the Arkansas Court of Appeals. *Hutcherson v. State*, 74 Ark. App. 72, 47 S.W.3d 267 (2001). In its opinion, the court of appeals noted that the evidence adduced at trial established that one of the four robberies took place on April 2, 1999, two robberies took place on April 3, 1999, and the final robbery took place on April 5, 1999. *Id.*

II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the trial court has personal jurisdiction over the appellant and the subject matter of the case, the court has authority to render the judgment. *Id.* A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

Under our statute, a petitioner for the writ who does not allege his or her actual innocence must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial

2

proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

Hutcherson claims entitlement to habeas relief because the judgment of conviction reflects that each criminal act occurred on April 3, 1999, rather than on separate dates. On appeal, Hutcherson contends that because incorrect dates rendered the judgment and commitment order illegal on its face, he had demonstrated probable cause for issuance of the writ. Hutcherson further argues that the judgment and commitment order reflects that his aggregate sentences for the multiple charges of theft increased his sentence to either 261 years or 268 years rather than 240 years. Hutcherson did not allege in his petition or in his argument on appeal that his sentences exceeded the maximum statutorily prescribed

maximum sentences for the crimes for which he was convicted. It is well settled in Arkansas that a court of record has the authority to enter nunc pro tunc judgments to cause the record to speak the truth. *Jefferson v. Payne*, 2022 Ark. 4, 637 S.W.3d 264. A trial court's power to correct mistakes or errors is to make the record speak the truth, not to make it speak what it did not speak but ought to have spoken. *Willingham v. State*, 2021 Ark. 177, 631 S.W.3d 558. Here, the dates of the crimes are mere clerical errors since the evidence clearly established the true dates of the crimes. As such, the order is subject to a nunc pro tunc correction to cause the record to speak the truth. Clerical errors do not prevent the enforcement of the judgment, and the sentencing court may enter an order nunc pro tunc at any time to correct clerical errors in the judgment. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

Hutcherson's second claim regarding the aggregate sentence does not establish a ground for habeas relief. This is because the incorrect dates of the crimes reflected on the judgment and commitment order does not render his sentences illegal. The evidence presented at trial established the correct dates for each crime as occurring on April 2, 3, and 5, 1999. Moreover, the basis for Hutcherson's allegation regarding alternative and inconsistent aggregate sentences of 261 years' and 268 years' imprisonment is unclear. The sentences for his three misdemeanor theft charges were 12 months' imprisonment for each conviction, and his sentence for the felony theft charge was 60 months' imprisonment. Even if the trial court had imposed those sentences consecutively, they would not have equaled an additional 21 to 28 years' imprisonment, and there is no evidence that the judgment and

4

conviction order had imposed sentences that exceeded the 2880 months' or 240 years' imprisonment.[1]

Hutcherson further argues that the circuit court erred when it issued its order before the appellee had filed a return and before it held a hearing on his petition for the writ. However, as discussed in this opinion, the circuit court did not err when it found that Hutcherson had failed to demonstrate probable cause for the writ to issue. Our habeas statutes make clear that the circuit court must first make a probable-cause finding prior to moving forward with the remaining habeas procedures. *Hobbs v. Hodge*, 2015 Ark. 207, 461 S.W.3d 704. Furthermore, a hearing is not required if the habeas petition does not allege either of the bases of relief proper in a habeas proceeding, and, even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). In the instant case, Hutcherson did not allege a cognizable claim and failed to demonstrate probable cause for issuance of the writ.

Finally, Hutcherson's contention that the circuit court was biased because it communicated with the Office of the Attorney General before issuing its order was not raised below in a motion for recusal. This court will not consider arguments concerning a judge's bias that are raised for the first time on appeal. *Exigence, LLC v. Baylark*, 2010 Ark. 306, 367 S.W.3d 550.

Affirmed; motion moot.

---

[1]Arkansas Code Annotated section 5-4-403(c)(1) (Repl. 1997) mandates that a misdemeanor sentence of imprisonment should run concurrently to a sentence of imprisonment for a felony.

*Willie Hutcherson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.