Cite as 2022 Ark. 178

# SUPREME COURT OF ARKANSAS

No. CV-22-34

| | |
|---|---|
| | **Opinion Delivered:** October 6, 2022 |
| RICKY LEE SCOTT<br>APPELLANT | |
| V. | APPEAL FROM THE LINCOLN<br>COUNTY CIRCUIT COURT<br>[NO. 40CV-20-132] |
| DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS,<br>JUDGE |
| | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Ricky Lee Scott appeals from the Lincoln County Circuit Court's order denying and dismissing his motion for new trial and petition for habeas corpus. Scott presents three arguments on appeal: (1) the circuit court lacked jurisdiction to impose his first-degree-murder conviction because the jury was not instructed on the elements of first-degree murder by the circuit court when it instructed jurors in open court; (2) Scott's life sentence was imposed illegally because the circuit court did not have jurisdiction to impose the sentence when the jury was not instructed on the elements of first-degree murder; and (3) Scott's conviction and life sentence violate due process under the Fourteenth Amendment to the United States Constitution because the jury that returned the guilty verdict at his trial was not instructed on the elements of first-degree murder, and further

prosecution is barred by the double-jeopardy protection afforded by the Fifth Amendment to the United States Constitution. We affirm.

In March 1996, Scott was arrested for the murder of fifteen-year-old Robert Smith. *Scott v. State*, 337 Ark. 320, 322, 989 S.W.2d 891, 892 (1999). The evidence at trial established that Smith and four other persons were changing a tire in Smith's aunt's driveway when Scott approached the group and began firing a gun. *Id.* Scott was identified as the shooter. *Id.* A Cross County Circuit Court jury convicted Scott of first-degree murder, and he was sentenced to life imprisonment. *Id.* On direct appeal, Scott argued that his right to a speedy trial was violated. We found no error and affirmed. *Id.* Subsequently, Scott appealed the denial of his petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. *Scott v. State*, 355 Ark. 485, 139 S.W.3d 511 (2003). We found no error and affirmed the denial of his petition. *Id.*

On November 23, 2020, Scott filed a petition for habeas corpus in Lincoln County––the county where he is incarcerated.[1] Scott argued that the judgment entered in his case was arguably beyond the trial court's jurisdiction. Scott presented three claims for relief, each of which related to the circuit court's failure to instruct the jury on the elements of first-degree murder. First, Scott argued that the trial court lacked jurisdiction to impose a conviction because the court failed to instruct the jury on the elements of first-degree murder

---

[1]Scott filed a corrected petition on August 11, 2021, which corrected references to exhibits appended to the petition.

when it instructed the jurors on the applicable law in open court.[2] Second, Scott argued that his sentence of life imprisonment was imposed illegally because the circuit court did not have jurisdiction to impose the sentence when the jury was not instructed on the elements of first-degree murder. Scott's final claim was that his conviction and life sentence violated due process because the jury was not instructed on the elements of first-degree murder, and double jeopardy bars further prosecution.

On August 26, 2021, the circuit court entered its order denying and dismissing Scott's petition for writ of habeas corpus. In dismissing Scott's petition, the circuit court concluded that Scott failed to provide precedent that his claims fell "within the purview of habeas." The circuit court specifically found that his assertions of defective jury instructions were allegations of trial error and did not implicate the facial validity of the judgment or the jurisdiction of the circuit court. The circuit court acknowledged that Scott relied on numerous cases but that those were cases in which the defendants were seeking relief on direct appeal. Further, the circuit court found that his allegations should have been

---

[2]The record establishes that the circuit court did not orally instruct the jurors on the elements of first-degree murder at the conclusion of evidence; rather, instead of reading the first-degree-murder instruction, the circuit court proceeded directly to read the second-degree-murder instruction. It appears that the circuit court intended to instruct the jury on first-degree murder because during the jury-instructions conference, the circuit court agreed to adopt defense counsel's requested instruction on first-degree murder. The record demonstrates that the circuit court did provide written instructions to the jury prior to deliberations. However, the written instructions are not in the record. As Scott acknowledged in his petition, it was not until 2019 when subsection (b) of Rule 33.6 of the Arkansas Rules of Criminal Procedure was added to require that "[t]he verdict forms and written jury instructions shall be filed in the clerk's case file at the conclusion of the jury's deliberations."

addressed at trial, on direct appeal, or in a timely Rule 37 petition. Additionally, the circuit court found that Scott's due-process-violation claim likewise fails to implicate the facial validity of the judgment or the jurisdiction of the circuit court and is also not cognizable in habeas proceedings.

On September 9, 2021, Scott filed a motion for new trial pursuant to Rule 59 of the Arkansas Rules of Civil Procedure. In response to the circuit court's finding that Scott did not cite to precedent supporting his claim for habeas relief, Scott conceded that he was unable to find an Arkansas decision on point but argued that this does not preclude review on the merits.

On September 23, 2021, the circuit court entered its order and again denied and dismissed Scott's petition for writ of habeas corpus.[3] The circuit court found as follows:

> The crux of petitioner's claims is that the jury received improper jury instructions. As noted in the order of dismissal, petitioner's claims have previously been addressed by the Arkansas Supreme Court without success. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when the trial court lacked jurisdiction over the matter. "Assertions of defective jury instructions are allegations of trial error that do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136 (2018), reh'g denied (Feb. 22, 2018)."
>
> Petitioner states that because he attached an appendix with a complete reference to the record, trial transcript, and exhibits, the finding that petitioner failed to make a showing, by affidavit or other evidence, of probable cause to believe that he is illegally detained, is in error. It is the substance of documents not the inclusion of documents that establishes probable cause. The substance of petitioner's documents supports his claim of error in the jury instructions given at his trial. The same argument is made in petitioner's claim that the Court erred when the order of dismissal did not address his express

---

[3] As the circuit court noted, Scott filed a motion for new trial, but no trial was held.

reliance on A.C.A. § 16-112-118(b)(1). Defective jury instructions are trial error. Trial error does not present probable cause; therefore, he is not entitled to habeas relief.

Petitioner seeks to expand habeas relief to include a boundless opportunity to challenge a conviction. He cannot offer any precedent to support his contention because none exist. The cases he cited are ones that address a defendant's claims at trial, on direct appeal, or presented in a timely Rule 37 petition. The Court has reviewed each of petitioner's claims and finds that his theories do not fall within the purview of a habeas.

On October 18, 2021, Scott appealed the order denying his habeas petition and his motion for new trial.

## I. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.*

5

Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

III. *Points on Appeal*

A. Imposition of Conviction

For his first point on appeal, Scott argues that the circuit court lacked jurisdiction to impose his first-degree-murder conviction after failing to instruct the jury on the elements of first-degree murder at the conclusion of the evidence. Scott does not challenge the facial validity of the judgment. As to jurisdiction, Scott acknowledges that our habeas case law provides that relief may be available only on the showing that the circuit court lacked personal or subject-matter jurisdiction. *See Johnson v. Payne*, 2022 Ark. 77. Scott concedes that the circuit court had both personal and subject-matter jurisdiction because it had jurisdiction over the prosecution of a murder committed in Cross County and personally over him under the information charging the offense. Rather than challenging the court's

personal or subject-matter jurisdiction, Scott's jurisdictional argument focuses on the limitations of the circuit court's authority to act even when it has personal and subject-matter jurisdiction. Stated differently, it is Scott's position that his jurisdictional argument presents a case of first impression based on the circuit court's lack of jurisdiction to impose his first-degree-murder conviction because the court did not instruct the jury on the elements of first-degree murder in open court.

As set forth above, the circuit court found that Scott's argument––that the circuit court failed to instruct the jury on the elements of first-degree murder––involved a trial error, which is not cognizable in habeas proceedings. Scott asserts that the circuit court erred in mischaracterizing his claim as a matter of trial error. He claims that his argument does not rest on defective error in the jury instructions or failure to give a requested instruction. Instead, he argues that the circuit court committed a jurisdictional error in imposing the conviction after failing to instruct jurors on the elements of first-degree murder at the conclusion of the evidence—rendering the entry of conviction beyond its authority.

The State responds that however Scott may characterize his claim, Scott cannot escape the fact that his claims hinge on purported trial error in instructing the jury. We agree. Despite Scott's attempt to frame his trial-error argument as a jurisdictional argument, our case law is clear. Scott points out the narrow view taken by this court that a writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. We acknowledge that this view is narrow in

scope. However, we decline to expand our habeas review in a manner that would encompass Scott's argument on appeal.

Within this point on appeal, Scott also argues that there was no finding of sufficient evidence on each element of the offense required for his conviction. He contends that under Arkansas law, a conviction must be supported by evidence sufficient to establish every element of the offense charged by substantial evidence without speculation or conjecture. Stated differently, Scott argues that a legally valid conviction requires an affirmative jury finding that the evidence proves each element of the offense charged beyond a reasonable doubt. In a related subpoint, Scott argues that he is entitled to relief because the circuit court acted without an affirmative finding that the evidence supported each element of proof required for a valid first-degree-murder conviction. Despite Scott's attempt to frame the issue as one of jurisdiction, this claim is really one regarding the sufficiency of the evidence. Habeas proceedings are not a means to challenge the sufficiency of the evidence. *Clark v. Kelley*, 2020 Ark. 206, at 2 (citing *Jones v. State*, 2019 Ark. 12, at 3, 565 S.W.3d 100, 102). Again, habeas proceedings are narrow in scope, and because this claim does not invoke either the facial validity of the commitment order or the jurisdiction of the trial court, it is not cognizable in a habeas proceeding. *Fields*, *supra*.

Next, Scott relies on *Bennett v. State*, 302 Ark. 179, 789 S.W.2d 436 (1990). In *Bennett*, the circuit court failed to instruct jurors at the conclusion of the evidence after having earlier read the applicable instructions to the jury following voir dire and before opening statements. At the conclusion of the evidence, appellant's counsel requested that the court

8

again instruct the jury on the applicable law. However, the circuit court refused to repeat all the instructions, but the court did give oral instructions on character evidence and range of punishment. On direct appeal, Bennett argued that the circuit court erred and that he had been prejudiced. We agreed. In *Bennett*, we applied Arkansas Code Annotated section 16-89-125(b), which states that "[w]hen the evidence is concluded, the court shall, on motion of either party, instruct the jury on the law applicable to the case[.]" We do not find Scott's reliance on *Bennett* persuasive for two reasons. First, *Bennett* was a direct-appeal case, which is not applicable here. Second, *Bennett* involved the application of section 16-89-125(b), which states that on the motion of either party the court shall instruct the jury on the applicable law. Here, there is no such assertion that the attorney made a specific request.

Next, Scott relies on certain provisions in Arkansas Code Annotated section 16-112-118(b)(1). Subdivision (b)(1) provides:

> (b)(1) If it appears that the prisoner is in custody by virtue of process from any court legally constituted or issued by any officer in the exercise of judicial proceedings before him or her, the prisoner can only be discharged in one (1) of the following cases:
>
> > (A) Where the jurisdiction of the court or officer has been exceeded, either as to matter, place, sum, or person;
> >
> > (B) Where, though the original imprisonment was lawful, yet, by some act, omission, or event which has taken place afterward, the party has become entitled to his or her discharge;
> >
> > (C) Where the process is defective in some matter or substance required by law, rendering the process void;
> >
> > (D) Where the process, though in proper form, has been issued in a case, or under circumstances, not authorized by law;

(E) Where the process, though in proper form, has been issued or executed by a person who is not authorized to issue or execute the process, or where the person having the custody of the prisoner, under the process, is not the person empowered by law to detain him or her; or

(F) Where the process is not authorized by any judgment, order, decree, or by any provision of law.

As to subdivision (b)(1)(C), Scott argues that his conviction was not supported by a jury finding that he committed each element of the offense charged beyond a reasonable doubt, "rending the process void." Again, this argument stems from trial error on the part of the circuit court for its failure to read the first-degree-murder jury instructions. As set forth above, this is not a cognizable habeas claim. To the extent that Scott is raising a sufficiency-of-the-evidence claim, this is likewise not a valid habeas claim. Moreover, with regard to subdivision (b)(1)(C), we do not interpret the statute to encompass his arguments because the purported error raised by Scott does not rise to the level of rendering the process "defective" or "void."

As to subdivision (b)(1)(D), Scott argues that the protection afforded by this subdivision applied to provide relief from his conviction and sentence because the order, while in proper form, is not authorized by law because the jury was not properly instructed on the elements of first-degree murder. His (b)(1)(D) argument focuses on the validity of the order. Unauthorized process with regard to an order is addressed in subdivision (b)(1)(F). Scott argues that under subdivision (b)(1)(F), the conviction entered by the circuit court is not authorized "by any provision of law" because the jury was not charged on each element

of first-degree murder. As conceded by Scott, the order was facially valid, and the circuit court had both personal and subject-matter jurisdiction over Scott's case. Thus, we hold that the order issued in his case was authorized by law.

In sum, our habeas jurisprudence is well established. We hold that despite Scott's attempt to formulate his argument as one invoking jurisdiction, his argument is really one of trial error. Stated differently, his trial-error argument is not within the purview of habeas proceedings because it does not implicate either the facial validity of the judgment or the jurisdiction of the trial court. *Wade v. Payne*, 2021 Ark. 116, 623 S.W.3d 568. Accordingly, the circuit court did not clearly err when it dismissed Scott's petition for habeas relief.

## B. Imposition of Sentence

For his second point on appeal, Scott argues that his life sentence was imposed illegally because the circuit court did not have jurisdiction to impose the sentence when the jury was not instructed on the elements of first-degree murder. Scott's argument regarding his life sentence stems from the identical trial-error argument addressed in point one—the circuit court's failure to read the jury instructions. Having found that Scott's argument regarding his conviction is not a cognizable habeas claim, we likewise hold that this argument regarding his sentence is not a cognizable habeas claim. Again, habeas proceedings are narrow in scope, and because this claim does not invoke either the facial validity of the judgment or the jurisdiction of the trial court, it is not cognizable in a habeas proceeding. *Fields*, *supra*.

## C. Constitutional Violations

For his final point on appeal, Scott argues that his conviction and life sentence amount to a due-process violation under the Fourteenth Amendment to the United States Constitution because the jury that returned the guilty verdict at his trial was not instructed on the elements of first-degree murder. Additionally, Scott argues that further prosecution is barred by the double-jeopardy protection afforded by the Fifth Amendment to the United States Constitution. Scott contends that the evidence supported a conviction for second-degree murder on which the jury was properly instructed. Scott argues that he has discharged a sentence of twenty years—the maximum for a Class B felony—which was applicable to second-degree murder on the date of the offense in 1996. Thus, retrial and imposition of another sentence of imprisonment would violate the protection afforded by the due-process and double-jeopardy protections.

The State responds that Scott's assertions of due-process and double-jeopardy violations are premature, at best, because Scott has not established that he has been detained for an illegal period of time, and he has not been subjected to, nor is he at risk of, a second prosecution or of multiple punishments for the same offense. We agree. Again, our habeas jurisprudence is well established, and unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields*, *supra*. Accordingly, the circuit court did not clearly err when it rejected Scott's claim for habeas relief.

Affirmed.

*J. Thomas Sullivan*, for appellant.

12

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.