Cite as 2023 Ark. 171

# SUPREME COURT OF ARKANSAS
No. CV-23-425

| | |
|---|---|
| JASON WHITE | **Opinion Delivered:** November 30, 2023 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | [NO. 40CV-23-30] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Jason White appeals the denial and dismissal of his pro se petition for writ of habeas corpus filed under Arkansas Code Annotated section 16-112-101 (Repl. 2016). The circuit court held that White had failed to state a ground for the writ. We find no error and affirm.

I. *Background*

In 2010, White contends that he entered a plea of guilty to rape and aggravated robbery and was sentenced as a habitual offender.[1] White petitioned for writ of habeas corpus alleging (1) he is innocent of the offense of rape, and the State maliciously applied the habitual-offender statute in violation of the Eighth Amendment; and (2) the Arkansas statute that requires he serve 100 percent of his sentence violates the Eighth and Fourteenth

---

[1]The petitioner and the State do not dispute this; still, the judgment and commitment order is not in the record. Given petitioner is not making a claim that requires a review of the order, we are able to decide the appeal.

Amendments. The circuit court dismissed the petition, finding that the claims were not cognizable in habeas and that any issues with parole eligibility fell within the purview of the executive branch. White then filed the instant appeal.

## II. *Grounds for Issuance of Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when the trial court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id*. When the trial court has personal jurisdiction over the appellant and has jurisdiction over the subject matter, the court has authority to render the judgment. *Id*. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

Under Arkansas law, a petitioner for the writ who is not alleging actual innocence and proceeding under Act 1780 of 2001 has two choices. He can plead either that the judgment is facially invalid or that the circuit court lacked jurisdiction. *Id*. The pleading must demonstrate, by affidavit or other evidence, probable cause to believe the petitioner is being illegally detained. *Id*. (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Unless the petitioner can show that the circuit court lacked jurisdiction or the commitment order was invalid on its face, there is no basis for the writ of habeas corpus. *Id*. We consider a sentence illegal if it exceeds the statutory maximum sentence. *Hunter v. Payne*, 2023 Ark.

79, 666 S.W.3d 76. If the petitioner's claim is not one of these, the claim is not cognizable in a habeas proceeding. *Proctor v. Payne*, 2020 Ark. 142, 598 S.W.3d 17.

### III. *Standard of Review*

We review the circuit court's decision on a petition for writ of habeas corpus for clear error. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, despite evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that there has been a mistake. *Id*.

### IV. *Analysis*

#### A. Allegation of Actual Innocence

White does not argue that the judgment reflecting his conviction for rape and aggravated robbery was invalid on its face. Rather, his claim centers on whether the victim's statement would have met the statutory requirement for rape had further investigation occurred. And he asserts that the State acted with malice when he was charged as a habitual offender. Both claims fall outside the scope of the writ.

These claims constitute challenges to the facts surrounding his original plea. When a defendant enters a plea of guilty, the plea is the trial. *Finney*, 2020 Ark. 145, 598 S.W.3d 26. We have held that a claim of actual innocence like this is a challenge to the sufficiency of the evidence for the conviction. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44. White's assertion of what more investigation could have proved would require the circuit court to go behind the guilty plea to examine the evidence of White's guilt. This is not cognizable in a habeas proceeding. *Id*.; *Scott v. Payne*, 2022 Ark. 178, 625 S.W.3d 562.

Likewise, the State's decision to charge a defendant as a habitual offender does not implicate the facial validity of the judgment or the jurisdiction of the trial court. *See generally*, *Spearman v. State*, 2022 Ark. 36; *see also Finney*, 2020 Ark. 145, 598 S.W.3d 26 (noting that, to the extent petitioner seeking a writ of habeas corpus sought to attack the validity of his plea proceeding, such allegations should have been raised elsewhere).

B. Arkansas Code Annotated Section 16-93-609 and Parole Eligibility

Parole eligibility falls within the domain of the executive branch—specifically, the Arkansas Department of Correction—as fixed by statute. *Jefferson v. Payne*, 2022 Ark. 4, 637 S.W.3d 264. White alleges that the application of section 16-93-609 violated his constitutional rights under the Eighth and Fourteenth Amendments. This argument is not within the purview of the writ because habeas proceedings do not extend to issues of parole eligibility. As stated, the writ is limited to questions of whether the petitioner is in custody pursuant to a valid judgment of conviction and whether the convicting court had proper jurisdiction. *Id*. Whether White is eligible for parole in itself does not render the judgment invalid on its face or show that the trial court was without jurisdiction over the cause. *Cervantes v. Kelley*, 2020 Ark. 391, 612 S.W.3d 162.

Affirmed.