Cite as 2024 Ark. 126

# SUPREME COURT OF ARKANSAS

No. CV-23-699

| | | |
|---|---|---|
| STANLEY HUNT | | **Opinion Delivered:** September 19, 2024 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | | [NO. 40CV-23-47] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Stanley Hunt appeals from the circuit court's denial and dismissal of his petition for writ of habeas corpus. For reversal, Hunt argues that (1) the face of the sentencing order is invalid because count one reflects the victim is fifteen years old; (2) count two has no victim information, and the statute requires that a victim be under fourteen; and (3) the circuit court erroneously ruled that the sentencing order was not facially invalid regarding count two "where the alleged victim changed her birth year to support [the] conviction [and] the trial court was advised and misquoted [the] statute as [fourteen] or under, not under [fourteen]." The circuit court found that none of the allegations raised in the petition call into question the trial court's jurisdiction or the facial validity of the judgment or commitment order, and we agree.

A Faulkner County jury convicted appellant Stanley Hunt of three counts of rape of his fourteen-year-old niece, N.H., for which he was sentenced to an aggregate term of 480

months' imprisonment. Hunt appealed, and his conviction and sentence were affirmed. *Hunt v. State*, 2015 Ark. App. 53, 454 S.W.3d 771. Hunt now appeals the denial and dismissal of a petition for writ of habeas corpus filed in the county of his incarceration pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Hunt's arguments regarding the departure reason and his claim that his sentencing order indicated that he entered a negotiated plea are abandoned on appeal. *Wilson v. State*, 2022 Ark. 108. The remainder of Hunt's claims are not cognizable in a habeas proceeding.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause. *Hutcherson v. Payne*, 2022 Ark. 127, 644 S.W.3d 415. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id*. When the trial court has personal jurisdiction over the appellant and the subject matter of the case, the court has authority to render the judgment. *Id*. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

Under the statute, a petitioner for the writ who does not allege his or her actual innocence must plead either the facial invalidity of the judgment or the trial court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause that he or she is being illegally detained. *Id*. (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id*. Unless the petitioner can show that the trial court

lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Lowery v. Payne*, 2023 Ark. 85, 665 S.W.3d 223. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Hunt first contends that, in count one, the circuit court erroneously ruled that a fifteen-year-old victim does not render the sentencing order facially invalid when the statute requires that a victim be "under" fourteen. Hunt specifically references Arkansas Code Annotated section 5-14-103(a)(3)(A) (Supp. 2007). The sentencing order in this matter sets forth the offense for count one as rape pursuant to Arkansas Code Annotated section 5-14-103. Hunt argues that the victim information on the sentencing order with respect to count one notes the victim's age is "15," which invalidates his conviction because that age does not meet the legal requirements of Arkansas Code Annotated section 5-14-103(a)(3)(A). However, contrary to Hunt's contention, the notation of the victim's age does not show that the trial court lacked jurisdiction or that the commitment order was invalid on its face. The face of the judgment identifies the offense as rape pursuant to Arkansas Code Annotated section 5-14-103. A person can violate section 5-14-103(a)(3) and (a)(4) without any reference to age, and to garner that information would require one to delve well behind the

3

face of the judgment. Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the judgment. *Lowery*, 2023 Ark. 85, 665 S.W.3d 223. Even giving deference to Hunt's argument, the victim's age was established at trial,[1] and the notation of the victim's age on the sentencing order can be surmised as a clerical error—which the circuit court did below. Clerical errors do not prevent the enforcement of the judgment, and the sentencing court may enter an order nunc pro tunc at any time to correct clerical errors in the judgment. *Hutcherson*, 2022 Ark. 127, 644 S.W.3d 415. A clerical error of this type does not entitle Hunt to a writ of habeas corpus, and Hunt has failed to prove that the sentencing order was invalid on its face or that the trial court lacked jurisdiction over the matter. *See Scott*, 2022 Ark. 178, 652 S.W.3d 562 (Habeas proceedings are narrow in scope, and because the claim does not invoke either the facial validity of the commitment order or the jurisdiction of the trial court, it is not cognizable in a habeas proceeding.).

For his second argument, Hunt asserts that the lack of victim information for count two of the sentencing order renders it facially invalid because the statute requires that a victim, i.e., a natural person, be "under 14," and he reargues the relevant portions from his first point as they would apply. There is no jurisdictional requirement that an order sentencing a defendant to the rape of a minor publish the age of the minor victim. *See, e.g., Myers v. Payne*, 2022 Ark. 156 (finding there is no jurisdictional requirement that a

---

[1]Habeas proceedings are not a means to challenge the sufficiency of the evidence. *Scott v. Payne*, 2022 Ark. 178, 652 S.W.3d 562.

sentencing order publish a minor's age when the defendant was convicted of attempting to rape a minor). Hunt does not dispute the sentencing range or contend that his sentence was outside the statutory limits. *Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136. To the extent Hunt's challenge is to the sufficiency of the evidence regarding the victim's age, that type of challenge is not considered in habeas proceedings. *Scott*, 2022 Ark. 178, 652 S.W.3d 562.

For his last argument, Hunt contends that the circuit court erred when it ruled that the sentencing order was not facially invalid regarding count two "where [the] alleged victim changed her birth year to support the conviction[,]" and the trial court misquoted the statute to the jury when it stated "[fourteen] or under, not under [fourteen.]" Regarding the sentencing order, Hunt claims there are various inconsistencies in documents, dates, statements, and testimony. Habeas proceedings are not a means to challenge the sufficiency of the evidence to sustain a judgment. *Johnson v. State*, 2018 Ark. 42, 538 S.W.3d 819. Hunt challenges the victim's credibility and the sufficiency of the evidence, and those challenges could have been raised in the trial court and settled there. *See McCauley v. State*, 2023 Ark. 68, 663 S.W.3d 383 (victim's testimony alone is sufficient to show that defendant engaged in deviate sexual activity and that the victim was under the age of fourteen); *see also Jones v. Hobbs*, 2015 Ark. 251 (per curiam) (questioning victim's deposition was nothing more than an attempt to challenge the victim's testimony at trial, and a question of the sufficiency of the evidence is not cognizable in a habeas proceeding). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or proceeding for postconviction relief. *Clayton v. Kelley*, 2017 Ark. 2, 507 S.W.3d 494.

Hunt contends that the trial court misquoted section 5-14-103 when it gave the jury instruction. Assertions of trial error are not grounds for the writ. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Garrison*, 2018 Ark. 8, 534 S.W.3d 136 (assertions of error concerning jury instructions are allegations of trial error that are not cognizable in habeas proceedings). If there were errors at trial, those issues could, and should, have been raised at trial and on the record on direct appeal and are thus not within the purview of the writ. *Stephenson*, 2018 Ark. 143, 544 S.W.3d 44. The writ will not be issued to correct errors or irregularities that occurred at trial. *Id.*

Affirmed.

Special Justice MILTON FINE joins.

HILAND, J., not participating.

*Stanley Hunt*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.