Cite as 2025 Ark. 138

# SUPREME COURT OF ARKANSAS

No. CV-24-626

| | |
|---|---|
| JERRY W. WALKER<br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DIVISION OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered:** September 25, 2025<br><br>PRO SE APPEAL FROM THE<br>CHICOT COUNTY CIRCUIT<br>COURT<br>[NO. 09CV-24-80]<br><br>HONORABLE QUINCY M. ROSS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**CODY HILAND, Associate Justice**

Appellant Jerry W. Walker appeals the denial and dismissal of his pro se petition for writ of habeas corpus filed under Arkansas Code Annotated section 16-112-101 (Repl. 2016). The Chicot County Circuit Court held that Walker did not establish any ground for habeas relief. We find no error and affirm.

I. *Background*

In 2003, Walker was convicted by a Pulaski County jury of first-degree murder and second-degree unlawful discharge of a firearm from a vehicle and was sentenced to an aggregate term of 80 years' imprisonment.[1] The Arkansas Court of Appeals unanimously affirmed his conviction. *Walker v. State*, 91 Ark. App. 300, 210 S.W.3d 157 (2005).

---

[1]Walker was convicted of first-degree murder as a habitual offender under Arkansas Code Annotated section 5-4-501(a) (Supp. 2001), and was sentenced to 60 years' imprisonment for that offense. Walker was also sentenced to an additional 20 years' imprisonment for his unlawful discharge of a firearm in committing the murder. *See Walker*,

In his petition, Walker alleged that he is entitled to issuance of the writ because (1) the trial court should have granted him a jury instruction on the lesser-included offense of manslaughter due to his "extreme emotional disturbance" at the time of the murder; and (2) he is innocent of the offense of murder as the current statutory law would have allowed him to act with deadly self-defense when he fatally shot the victim. The circuit court denied his petition, concluding that the improper jury-instruction claim should have been raised via a Rule 37 petition or on direct appeal, and that Walker's actual-innocence claim should have been brought pursuant to Arkansas Code Annotated section 16-112-201 (Repl. 2016). We affirm.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause. *Hunt v. Payne*, 2024 Ark. 126, at 2, 696 S.W.3d 806, 810. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.*, 696 S.W.3d at 810. When the trial court has personal jurisdiction over the appellant and the subject matter of the case, the court has authority to render the judgment. *Id.*, 696 S.W.3d at 810. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Id.*, 696 S.W.3d at 810.

---

92 Ark. App. at 306, 210 S.W.3d at 161. Both sentences comply with the sentencing requirements for each crime.

Under Arkansas law, a petitioner for the writ who does not allege his actual innocence must plead either the facial invalidity of the judgment or the trial court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause that he is being illegally detained. *Id.*, 696 S.W.3d at 810 (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Hunt*, 2024 Ark. 126, at 2, 696 S.W.3d at 810. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for finding that a writ of habeas corpus should be issued. *Id.* at 3, 696 S.W.3d at 810. In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *Id.*, 696 S.W.3d at 810.

### III. *Standard of Review*

We review a circuit court's decision on a petition for writ of habeas corpus for clear error. *White v. Payne*, 2023 Ark. 171, at 3, 678 S.W.3d 23, 26. A decision is clearly erroneous when, despite evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*, 678 S.W.3d at 26.

### IV. *Law and Analysis*

#### A. Denial of Lesser-Included Offense Instruction

Walker claims entitlement to the writ because the trial court gave the standard manslaughter jury instruction rather than instructing the jury that manslaughter could be found if a defendant acts under extreme emotional distress. *See* Ark. Code Ann. § 5-10-

104(a)(1)(A) (Repl. 1997); *see also Spann v. State*, 328 Ark. 509, 514, 944 S.W.2d 537, 539 (1997). An allegation that jury instructions were improper is a claim of trial error and is not cognizable in habeas proceedings. *Scott v. Payne*, 2022 Ark. 178, at 7, 652 S.W.3d 565, 567. If there were errors at trial, those issues could, and should, have been raised at trial and on direct appeal and are thus not within the purview of the writ. *Hunt*, 2024 Ark. 126, at 6, 696 S.W.3d at 812. Thus, as this court has said before, the "writ [of habeas corpus] will not be issued to correct errors or irregularities that occurred at trial." *Id.*, 696 S.W.3d at 812.

### B. Allegation of Actual Innocence

Walker further claims that he is innocent because, under our current law, he would have been entitled to successfully assert self-defense at the time he fatally shot the victim. Walker's self-defense argument is unpersuasive. When Walker committed the crime in 2002, the law in effect stated that a person may not use deadly force in self-defense if he knows he may safely retreat. *See* Ark. Code Ann. § 5-2-607(b)(1)(A) (Repl. 1997); *see also Kemp v. State*, 348 Ark. 750, 762, 74 S.W.3d 224, 230 (2002).

Arkansas Code Annotated section 5-2-607(b) was amended by Act 250 of 2021, and the revision became effective in July 2021. The revised section states that an individual is *not* required to retreat before using deadly physical force, *if* such individual reasonably believes that the individual against whom deadly force is used is imminently threatening to cause him death or serious injury. Ark. Code Ann. § 5-2-607(b)(2) (Supp. 2021). Thus, allowing one to, in effect, "stand their ground."

Walker committed first-degree murder in 2002, and the law in effect at that time required that he retreat before using deadly force. That law is controlling. *Wood v. State*,

4

2015 Ark. 477, at 4, 478 S.W.3d 194, 198. At trial and on direct appeal, Walker contended that he had acted in self-defense. However, the court of appeals examined the record and found that Walker offered no evidence that he had attempted to retreat from any alleged danger. *Walker*, 91 Ark. App. at 308, 210 S.W.3d at162 ("[Walker] offered no evidence that he attempted to retreat from any alleged danger."). Walker's self-defense allegation did not meet the legal standard in effect at the time he murdered the victim, and it is certainly not available now. Thus, Walker's judgment is not illegal if it comports with the statutory law in effect at that time. *White v. State*, 2024 Ark. 79, at 3.

Habeas proceedings do not afford Walker an opportunity to retry his case. *Hunt*, 2024 Ark. 126, at 5, 696 S.W.3d at 811.

## V. *Conclusion*

Walker has not alleged or shown that his judgment and commitment order is illegal on its face by exceeding the maximum sentences for the crimes for which he was convicted and has not shown that the trial court lacked jurisdiction over his criminal case. Further, Walker's judgment is not illegal. Therefore, the circuit court did not err when it denied and dismissed his petition for issuance of a writ of habeas corpus. We affirm.

Affirmed.

Special Justice CODY KEES, joins.

BRONNI, J., not participating.

*Jerry Walker*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.