Cite as 2025 Ark. 136

# SUPREME COURT OF ARKANSAS
### No. CV-24-671

| | |
|---|---|
| SAMUEL LOVE | **Opinion Delivered:** September 25, 2025 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | [NO. 35CV-24-463] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Samuel Love appeals the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in Jefferson County, which is the county where he is incarcerated. In the petition, Love contended that he is innocent; he was illegally charged by information instead of by a grand jury; the information was signed by a deputy prosecutor; and he was not legally arrested and was not provided with either a preliminary hearing or a bond hearing. Love further contended that his conviction violated the provisions against double jeopardy because the original information and the charges set forth therein were dismissed and subsequently refiled in a second information. The circuit court found that Love had failed to state cognizable claims and had not demonstrated that he is being illegally detained. We affirm.

Love pleaded guilty to first-degree murder, first-degree battery, and aggravated assault and was sentenced in 2017. The sentencing order reflects that his sentences were imposed concurrently for an aggregate term of 480 months' imprisonment in the Arkansas Division of Correction.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause. *Hunt v. Payne*, 2024 Ark. 126, 696 S.W.3d 806. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id*. When the trial court has personal jurisdiction over the appellant and the subject matter of the case, the court has authority to render the judgment. *Id*. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Id*.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Stokes v. Payne*, 2024 Ark. 56, 686 S.W.3d 494. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Id*.

Love does not contend that his sentence is facially illegal or that the trial court lacked jurisdiction,[1] and his allegations of error in the guilty-plea proceeding are not cognizable as

---

[1]Love argued in the circuit court that he was deprived of a preliminary hearing and a bond hearing. He does not raise these issues on appeal, and they are abandoned. *See Hunt*, 2024 Ark. 126, 696 S.W.3d 806.

grounds for the writ. Love's contention that the information is void because it was signed by the deputy prosecutor is not within the purview of habeas proceedings. *See Randle v. Straughn*, 2020 Ark. 117, 595 S.W.3d 361 (citing *Lovelace v. Kelley*, 2020 Ark. 91) (holding that an information signed by deputy prosecutor is voidable but not void and not subject to the writ).

Love's innocence claim does not contain a request for scientific testing pursuant to Arkansas Code Annotated section 16-112-201(a) (Repl. 2016) and therefore represents a challenge to the sufficiency of the evidence that supported his guilty plea. Such an allegation is likewise not cognizable in habeas proceedings because it requires a court to look beyond the face of the sentencing order. *See White v. Payne*, 2023 Ark. 171, 678 S.W.3d 23.

With respect to Love's allegation that his conviction is void because he was not indicted by a grand jury, it fails to state a claim within the purview of the writ. This court has made clear that a defendant has no constitutional right to be indicted by a grand jury, and amendment 21 to the Arkansas Constitution, which permits indictment by information, is constitutional. *McClinton v. State*, 2018 Ark. 116, 542 S.W.3d 859. Accordingly, challenging an indictment by information rather than by grand jury is not a cognizable habeas claim. *Gardner v. Payne*, 2022 Ark. 38, 639 S.W.3d 336.

Finally, Love contends, without any evidence in support, that a first information was dismissed "as a bar to further prosecution" and subsequently refiled in violation of the prohibition against double jeopardy to "not be subjected to the same charge twice." While some double-jeopardy claims are cognizable in habeas proceedings, if the face of the commitment order does not show that an illegal sentence was imposed, the claim does not

implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Jones v. Payne*, 2021 Ark. 37, 618 S.W.3d 132. Love's conviction arose from a guilty plea and not from a jury verdict. The circuit court did not clearly err when it denied and dismissed Love's petition for writ of habeas corpus.

Affirmed.

Special Justice JIM F. ANDREWS, JR., joins.

BRONNI, J., not participating.

*Samuel Love*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.