Cite as 2025 Ark. 162

# SUPREME COURT OF ARKANSAS
### No. CV-24-586

| | |
|---|---|
| CRAYTONIA BADGER<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DIVISION OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered:** October 30, 2025<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT<br>COURT<br>[NO. 40CV-23-161]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Craytonia Badger pleaded guilty to furnishing a prohibited article into a correctional facility. Later, Badger filed a writ of habeas corpus claiming that his conviction was invalid because he could not be charged or convicted for introducing a prohibited article into a correctional facility that he was already in. The circuit court dismissed Badger's petition, and he appeals. Because a challenge to the sufficiency of the evidence supporting his guilty plea is not grounds for a writ of habeas corpus, we affirm.

We affirm a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Burks v. Payne*, 2024 Ark. 80, 687 S.W.3d 798. The decision is clearly erroneous when the appellate court is left with the definite and firm conviction that there has been a mistake. *Id.* A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. A trial court has subject-matter jurisdiction to hear and

determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366. The circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Hogan v. Payne*, 2023 Ark. 99, 668 S.W.3d 466.

Badger brought the writ under Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). On appeal, as he did below, Badger argues that he could not be charged, convicted, or sentenced for violating Arkansas Code Annotated section 5-54-119(a) (Supp. 2023). Specifically, he claims that because he was in the Columbia County Detention Center it would have been "impossible for him to have introduced contraband into the facility[.]" Badger is challenging whether the evidence was sufficient to convict him, and this is not a ground for the writ. We hold the circuit court did not err when it dismissed his petition.

If a petitioner does not show that on the face of the commitment order there was an illegal sentence imposed or the claim does not implicate the court's jurisdiction to hear the case, then the claim is not cognizable in habeas proceedings. *Chatmon v. Payne*, 2025 Ark. 19. Badger argues neither; rather, his allegations go behind the face of the judgment. We do not go behind the guilty plea to examine evidence of guilt in a habeas proceeding. *White v. Payne*, 2023 Ark. 171, 678 S.W.3d 23. A habeas proceeding is not a substitute for direct appeal. *Hunt v. Payne*, 2024 Ark. 126, 696 S.W.3d 806. For these reasons, we affirm.

Affirmed.

Special Justice MARK ALLISON joins.

BRONNI, J., not participating.

*Craytonia Badger*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.