Cite as 2021 Ark. 107

# SUPREME COURT OF ARKANSAS

No. CV-19-386

|  |  |  |
|---|---|---|
| HUSIA HARKUF | | **Opinion Delivered** May 13, 2021 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-19-54] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | |
| | APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Husia Harkuf, formerly known as Robert Joseph Moten, appeals the denial and dismissal of a petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Harkuf failed to establish that he was entitled to issuance of the writ, we affirm the circuit court's order.

## I. *Facts*

In 2010, the Arkansas County Circuit Court convicted Harkuf of battery in the first degree and battery in the second degree, for which he was sentenced to an aggregate term of 264 months' imprisonment. Harkuf appealed, and the court of appeals affirmed. *Moten v. State*, 2011 Ark. App. 417.

On January 23, 2019, Harkuf filed a petition for writ of habeas corpus in the county of his incarceration, alleging that the trial court did not have jurisdiction over his criminal

case due to errors in his criminal information and arrest warrant, lack of probable cause to issue an arrest warrant, failure to have him properly arraigned, and prosecutorial and judicial misconduct. The circuit court denied and dismissed the petition. On appeal, Harkuf contends that (1) the circuit court erred by denying his petition for writ of habeas corpus on the basis that he had raised the claim in a prior habeas proceeding, (2) the trial court lacked jurisdiction to issue a "bare boned bench warrant," and (3) no felony charges could have been filed because there was no police complaint or initial incident report, rendering the entire criminal process illegal and void.

II.  *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989). A trial court has subject–matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Collier v. Kelley*, 2020 Ark. 77, at 2, 594 S.W.3d 50, 52.

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl.

2

2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

### III.  *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

### IV.  *Claims for Relief*

Harkuf contends that the trial court lacked subject-matter jurisdiction because the State's filing of formal charges gives the court authority to proceed over his person, and that did not occur in this case. Specifically, Harkuf claims that the State did not have a police complaint or an incident report—what he refers to as the pre-charging process—to file a criminal information, and the lack of the incident report is fatal as there is no reasonable cause to support the filing of a criminal information, which nullifies or voids the trial court's jurisdiction. Moreover, he claims that the trial court lacked authority to issue a bench warrant based on ex parte communications with the prosecutor that were unsupported by

3

the pre-charging process, which renders his conviction and sentence void.[1] Harkuf fails to state a basis for issuance of the writ.

Harkuf's claim fails to the extent he argues that the trial court lacked jurisdiction due to a defective bench warrant and the absence of a police complaint, incident report, or affidavit.[2] The court's jurisdiction to try the accused does not depend on the validity of the arrest. *See Mister v. Kelley*, 2019 Ark. 187, 575 S.W.3d 410. A defendant, after being fairly tried in a court of competent jurisdiction and found guilty, is not entitled to be set free on the basis of some flaw in the manner of his arrest. *See Grimes v. State*, 2018 Ark. 407, 562 S.W.3d 215. Because circuit courts have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, the trial court qualified as a court of competent jurisdiction to hear and determine Harkuf's case.

Harkuf also appears to allege that there was an error in the filing of the criminal information that resulted in the trial court's lacking jurisdiction over the matter. Claims of a defective information that raise a jurisdictional issue, such as a claim of an illegal sentence, are cognizable in habeas proceedings. *Mister*, 2019 Ark. 187, 575 S.W.3d 410. However,

---

[1]In his habeas petition and on appeal, Harkuf references Rule 7.1 of the Arkansas Rules of Criminal Procedure (2019) and Arkansas Code Annotated section 16-81-104 (Repl. 2005) to support his claim that the trial court failed to comply with the basis for issuance of an arrest warrant.

[2]The record includes an affidavit for warrant of arrest and incident report from February 2007. Although Harkuf appears to contend that the documents were withheld or are inconsistent with other documents in the record, habeas proceedings are not a means to challenge the sufficiency of the evidence because habeas actions do not allow a petitioner to retry his case. *Watson v. Payne*, 2020 Ark. 356, 609 S.W.3d 639. Furthermore, a claim of prosecutorial misconduct does not implicate the facial validity of the judgment or the jurisdiction of the trial court, and such an allegation does not support issuance of a writ of habeas corpus. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385.

4

general defective-information allegations are not. *Anderson v. Kelley*, 2018 Ark. 222, 549 S.W.3d 913. Harkuf's claims that the trial court issued a bench warrant prior to filing the criminal information and that the prosecutor filed the information without following the "pre-charging process" are nothing more than assertions of trial error. Such assertions of trial error do not implicate the facial validity of the trial court's judgment or its jurisdiction. *Mister*, 2019 Ark. 187, 575 S.W.3d 410. Harkuf has failed to state a basis for issuance of the writ of habeas corpus.

Affirmed.

*Husia Harkuf*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.