Cite as 2022 Ark. 156

# SUPREME COURT OF ARKANSAS

No. CV-22-5

| | | |
|---|---|---|
| RANDY MYERS | | Opinion Delivered: September 22, 2022 |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT; MOTION TO SUPPLEMENT BRIEF [NO. 40CV-21-84] |
| V. | | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | AFFIRMED; MOTION TO SUPPLEMENT BRIEF DENIED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Randy Myers appeals the dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in the Lincoln County Circuit Court, the county where he is incarcerated. For reversal, Myers argues that (1) the circuit court lacked jurisdiction; (2) his sentence was illegal; and (3) the order facially illegal. Because his arguments on appeal fail to raise cognizable claims for habeas relief, we affirm. We also deny his motion to supplement appellant's brief-in-chief.

## I. *Facts*

In May 2018, Myers entered a negotiated plea of no contest to one count of conspiracy to commit rape and seven counts of possessing matter depicting sexually explicit images involving a child. Myers was sentenced to 360 months' imprisonment for conspiracy to commit rape and 120 months' imprisonment on each of four counts of possessing child

pornography. The sentences were imposed to run consecutively for an aggregate sentence of 840 months' imprisonment or seventy years' imprisonment. Suspended sentences of 120 months were imposed on each of the remaining three counts for possession of child pornography. In exchange for Myers's no-contest plea, twenty-three additional counts of possession of child pornography were dismissed.[1]

Subsequently, Myers filed a petition for writ of habeas corpus petition and asserted the following claims for relief: (1) the arresting officer perjured himself, which deprived the court of jurisdiction; (2) his sentence exceeded the presumptive sentence and was illegal; and (3) the victim's age did not appear on the sentencing order, which rendered the order facially illegal. Myers also raised in his petition, but abandons on appeal, certain claims that there was no proper chain of custody established for the evidence collected; that the trial judge violated judicial ethics rules; and that he is innocent. *See Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214 (standing for the proposition that issues raised below but not argued on appeal are abandoned). The circuit court dismissed Myers's petition, and he filed a notice of appeal. After the parties filed briefs in this matter, Myers filed a motion to supplement his brief, and we now consider the motion with his appeal.

II. *Writ of Habeas Corpus*

---

[1]Following his conviction, Myers filed in the trial court a petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure that was denied by the trial court. The trial court's order denying relief was affirmed by the Arkansas Court of Appeals. *Myers v. State*, 2020 Ark. App. 16, 593 S.W.3d 29. Myers subsequently filed a petition for writ of error coram nobis that was also denied by the trial court. The denial was affirmed by this court. *Myers v. State*, 2021 Ark. 93, 621 S.W.3d 148.

On appeal, Myers makes the same arguments that he raised in his petition to the circuit court. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*, 434 S.W.3d at 367.

## A. Applicable Law

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, at 3, 598 S.W.3d 26, 28. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.*, 598 S.W.3d at 28. When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.*, 598 S.W.3d at 28.

Pursuant to Arkansas Code Annotated section 16-112-103(a)(1) (Repl. 2016), a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Finney*, 2020 Ark. 145, at 3, 598 S.W.3d at 28. Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.*, 598 S.W.3d at 28–29. Unless the petitioner can show

that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*, 598 S.W.3d at 29. In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See, e.g.*, *Hobbs v. Turner*, 2014 Ark. 19, at 12, 431 S.W.3d 283, 290.

## B. Claims for Relief

Myers's claim that the arresting officer perjured himself does not implicate the jurisdiction of the trial court. *See, e.g.*, *Harkuf v. Kelley*, 2021 Ark. 107, at 4, 622 S.W.3d 638, 641. The court's jurisdiction to try the accused does not depend on the validity of the arrest. *Id.*, 622 S.W.3d at 641. A defendant, after being fairly tried in a court of competent jurisdiction and found guilty, is not entitled to be set free on the basis of some flaw in the manner of his arrest. *Id.*, 622 S.W.3d at 641. Because circuit courts have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, the trial court qualified as a court of competent jurisdiction to hear and determine Myers's case. Questions pertaining to whether there was some error in the investigation, arrest, or prosecution of a criminal offense are not within the purview of a habeas corpus proceeding. *Wolfe v. Payne*, 2021 Ark. 87, at 5, 622 S.W.3d 625, 629. To the extent that Myers is challenging the credibility of the evidence presented in support of his conviction, habeas proceedings are not a means to challenge the sufficiency of the evidence in that habeas actions do not allow a petitioner to retry his case. *Leach v. Kelley*, 2020 Ark. 200, at 4, 600 S.W.3d 568, 570.

Next, Myers contends that the sentencing order is facially illegal because it does not set forth the age of the intended victim. When a petitioner for habeas corpus relief does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Wade v. Payne*, 2021 Ark. 116, at 3, 623 S.W.3d 568, 570. Here, there is no jurisdictional requirement that an order sentencing a defendant for attempting to rape a minor publish the age of the victim. Thus, we conclude that the failure to indicate the age of a minor victim on a sentencing order does not render the order illegal on its face when the sentence falls within the statutory range.

For his third claim, Myers argues that his sentence is illegal because the sentence is a departure from the presumptive sentence, as set forth in Arkansas Code Annotated section 16-90-804. This claim is unavailing in habeas proceedings. Myers's sentence for conspiracy to commit rape fell within the statutory maximum and was legal. Sexual intercourse with an individual less than fourteen years of age is a Class Y felony. *See* Ark. Code Ann. § 5-14-103(a)(3)(A) (Repl. 2013). Criminal conspiracy to commit a Class Y felony is a Class A felony. *See* Ark. Code Ann. § 5-3-404 (Repl. 2013). The maximum sentence for a Class A felony is thirty years' imprisonment. *See* Ark. Code Ann. § 5-4-401(2) (Repl. 2013). Myers was sentenced to 360 months' imprisonment for conspiracy to commit rape, which is the maximum statutory sentence for that crime. Myers's consecutive sentences of 120 months' imprisonment for each of four counts of possession of child pornography followed by consecutive suspended sentences of 120 months for each of the three additional counts of

possession of child pornography, classified as Class C felonies, are likewise within the maximum statutory penalties for the seven counts. *See* Ark. Code Ann. **§** 5-4-401(4) and **§** 5-27-602(b)(1). This court does not look beyond the permitted statutory range of punishment when a habeas petitioner has accepted a negotiated plea deal. *Owens v. Payne*, 2020 Ark. 413, at 4, 612 S.W.3d 169, 172. Thus, we conclude that Myers's sentences fall within the statutory range of punishment for the crimes of conspiracy to commit rape and multiple counts of possession of child pornography.

Further, in his motion to supplement the brief, Myers reargues and expands upon the allegations raised in his brief-in-chief, primarily focusing on challenging as illegal the departure from the presumptive sentence and listing the mitigating factors that the trial court should have considered. However, the allegations contained in the motion to supplement fail to state a claim for habeas relief. Thus, we hold that the circuit court did not clearly err when it denied and dismissed Myers's habeas corpus petition.

Affirmed; motion to supplement brief denied.

*Randy Myers*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.