Cite as 2023 Ark. 85

# SUPREME COURT OF ARKANSAS

No. CV-22-536

|  |  |
|---|---|
| GERALD H. LOWERY, SR.<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | Opinion Delivered: May 11, 2023<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-22-35]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**BARBARA W. WEBB, Justice**

A Miller County jury convicted Gerald H. Lowery, Sr., of rape and second-degree sexual assault, for which he was sentenced to consecutive terms of life and 240 months' imprisonment in the Arkansas Department of Correction. This court affirmed his convictions and sentences. *Lowery v. State*, 2019 Ark. 332, 586 S.W.3d 644. After seeking Rule 37.1 postconviction relief, the denial of which we affirmed on appeal,[1] Lowery now appeals the denial and dismissal of a petition for writ of habeas corpus filed in the county of his incarceration pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Lowery alleged in his habeas petition (1) that the trial court lacked jurisdiction to try him by failing to adhere to Arkansas Supreme Court Administrative Order No. 5 because

---

[1]*Lowery v. State*, 2021 Ark. 97, 621 S.W.3d 140.

he was not brought to trial within nine months when the victim was under the age of fourteen at the time of the offense; and (2) that he was not allowed to present evidence from social services of four other children living in the same household that would have exonerated him.[2] Because there are no grounds stated in either the petition filed in the circuit court or in his appellate arguments on which a writ of habeas corpus could issue, we affirm the circuit court's order.

## I. *Writ of Habeas Corpus*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl.

---

[2]Lowery fails to reassert his evidentiary claim on appeal. Claims that are raised below but have not been reasserted on appeal are considered abandoned; as such, Lowery's evidentiary claim is abandoned. *Hill v. Kelley*, 2022 Ark. 3.

2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## II. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

## III. *Claims for Relief*

On appeal, Lowery argues, as he did below, that the trial court lacked jurisdiction to try him and convict him because he was not brought to trial within nine months following the filing of the criminal information because the offense involved a victim under the age of fourteen pursuant to Arkansas Code Annotated section 16-10-130 and Administrative Order No. 5.[3] Specifically, Lowery contends that because the trial court granted continuances

---

[3]The criminal information was filed on January 24, 2018, and an amended information was filed on November 8, 2018. The sentencing order was filed on December 17, 2018. *See Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148 (This court may take judicial

"without any semblance of compliance, multiple times[,]" jurisdiction could not "attach" to the proceedings. Lowery further contends that jurisdiction cannot be lost or regained "as frequently or easily as flipping a switch" and that the trial court's failure to adhere to Administrative Order No. 5 resulted in the trial court losing jurisdiction. Lowery's claims do not warrant habeas relief.

Although repealed in 2021, section 16-10-103 did state:

Notwithstanding any rule of court to the contrary . . ., all courts of this state having jurisdiction of criminal offenses, except for extraordinary circumstances, shall give precedence to the trials of criminal offenses over other matters before the court, civil or criminal, when the alleged victim is a person under the age of fourteen (14).

Arkansas Supreme Court Administrative Order No. 5 states, in reference to section 16-10-103, that

when a case affected by § 16-10-130 is not tried or otherwise disposed of within nine months following the filing of a criminal information in the circuit court, the circuit judge before whom the case is pending, will inform the Administrative Office of the Courts in writing the reason or reasons therefor. Thereafter, at intervals of ninety (90) days the trial court will inform the Administrative Office of the Courts of the status of the case. During the pendency of the case, no continuance shall be granted on motion of either the state or the defendant except upon written order detailing the reasons for, and the duration of, the delay.

Lowery attempts to frame his argument as one that questions the jurisdiction of the trial court, but his argument is nothing more than a claim of trial error that does not implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Wade v.*

---

notice in postconviction proceedings of the record on direct appeal without need to supplement the record.).

*Payne*, 2021 Ark. 116, 623 S.W.3d 568 (Wade's argument that he did not consent to one of the continuances as a challenge to speedy trial was nothing more than a claim of trial error.). If there were errors at trial, those issues should have been raised at trial and on the record on direct appeal. Lowery's claim is not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred at trial. *Stephenson v. Kelley*, 2018 Ark. 271, 544 S.W.3d 44.

Lowery also contends he was entitled to an evidentiary hearing on the claims he raised in the habeas petition. Our statutory scheme does not mandate a hearing on a habeas petition regardless of the allegations contained in it. *Noble v. State*, 2019 Ark. 284, 585 S.W.3d 671. A hearing is not required when probable cause for issuance of the writ is not shown by affidavit or other evidence. *Id*. Because Lowery failed to establish probable cause for issuance of the writ, he was not entitled to a hearing. *Id.*

Affirmed.

*Gerald H. Lowery, Sr.*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.