Cite as 2025 Ark. 174

# SUPREME COURT OF ARKANSAS

No. CV-24-689

|  |  |  |
|---|---|---|
| WESLEY JEFFERSON | | **Opinion Delivered:** November 13, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE |
| V. | | LINCOLN COUNTY CIRCUIT COURT |
| | | [NO. 40CV-24-77] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | AFFIRMED. |

**KAREN R. BAKER, Chief Justice**

Appellant Wesley Jefferson appeals from the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016) in Lincoln County. The circuit court found that Jefferson had failed to demonstrate that he is being illegally detained. We affirm.

## I. *Background*

A St. Francis County jury convicted appellant Wesley Jefferson of capital murder, aggravated robbery, theft of property, and fleeing, for which he was sentenced to a term of life imprisonment without parole, 240 months, 120 months, and 72 months, respectively, with the terms of months to be served consecutively to one another but concurrently with the life sentence. This court affirmed on direct appeal. *Jefferson v. State*, 372 Ark. 307, 270 S.W.3d 214 (2008).

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.*

A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*

## III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Lowery v. Payne*, 2023 Ark. 85, 665 S.W.3d 223. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

2

IV. *Claims for Relief*

Jefferson's claims are difficult to decipher. Although the majority of his arguments on appeal and in his petition below are conclusory and are a generalized recitation and conglomeration of habeas law, Jefferson appears to contend that the criminal information failed to include the phrase "against the peace and dignity of the State of Arkansas"; that the trial judge and prosecuting attorney violated their oaths of office and constitutional responsibilities by approving of and proceeding to trial on an allegedly invalid amended criminal information; and that trial counsel was ineffective for making statements regarding his guilt during opening and closing statements. None of these grounds warrant issuance of the writ, and the circuit court properly denied and dismissed the petition.

This court has never stated that the inclusion of the *contra pacem* clause—"Against the peace and dignity of the State of Arkansas"—as required by article 7, section 49 of the Arkansas Constitution in an indictment or information is a condition precedent to the circuit court's obtaining subject-matter jurisdiction over a case. *Rea v. State*, 2021 Ark. 134. Inclusion of a *contra pacem* clause goes to the sufficiency of the information and must be raised prior to trial, and if an information is insufficient in this regard, it does not void the judgment and is not an issue sufficient to divest the circuit court of jurisdiction. *Id.*; *see McNeese v. State*, 334 Ark. 445, 976 S.W.2d 373 (1998).

Claims of a defective information that raise a jurisdictional issue, such as a claim of an illegal sentence, are cognizable in habeas proceedings. *Harkuf v. Kelley*, 2021 Ark. 107, 622 S.W.3d 638. Allegations of a defective information that do not raise such a claim are not generally considered jurisdictional and are, accordingly, treated as trial error. *Anderson*

*v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. Here, Jefferson contends that the trial judge and the prosecutor violated their oaths of office by permitting the amended criminal information to be filed and that, as a result, the circuit court lacked jurisdiction to render judgment in this matter. Even if there was an error at trial in the amended information, the error would not take away the court's personal or subject-matter jurisdiction over him. *See Lee v. Payne*, 2023 Ark. 2. Moreover, a claim of prosecutorial misconduct does not implicate either the facial validity of the judgment or the jurisdiction of the trial court, and such an allegation does not support issuance of a writ of habeas corpus. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385.

Finally, Jefferson's claims of ineffective assistance of counsel are outside the purview of the writ of habeas corpus. *See Crawford v. Payne*, 2023 Ark. 80. Arguments regarding the adequacy of counsel should have been raised in a postconviction petition pursuant to Arkansas Rule of Criminal Procedure 37.1. Jefferson failed to raise a cognizable claim, and the circuit court properly denied relief.

Affirmed.

Special Justice JIM F. ANDREWS, JR., joins.

WEBB, J., concurs.

BRONNI, J., not participating.

*Wesley Jefferson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.