Cite as 2026 Ark. 13
# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – RECOMMENDATIONS TO ADOPT RULE 11(D); TO AMEND RULE 26(B); 26(C)(1) AND (2); 26(F)(1) AND (2); AND TO ADOPT RULE 26(G)(1), (2), AND (3) OF THE ARKANSAS RULES OF CIVIL PROCEDURE | **Opinion Delivered:** January 29, 2026 |

**PER CURIAM**

The Arkansas Supreme Court's Committee on Civil Practice submitted recommendations to adopt Rule 11(d); to amend Rule 26(b); 26(c)(1) and (2); 26(f)(1) and (2); and to adopt Rule 26(g)(1), (2), and (3) of the Arkansas Rules of Civil Procedure. We now publish these recommendations for comment before the court considers the change. The comment period shall end on April 1, 2026. Comments should be submitted in writing to: Kyle E. Burton, Clerk of the Arkansas Supreme Court, Attention: Amendments to Arkansas Rules of Civil Procedure, Justice Building, 625 Marshall Street, Little Rock, AR 72201, or by email: rulescomments@arcourts.gov. The amendments are shown in "line-in, line-out" form.

**Ark. R. Civ. P. 11**

★ ★ ★ ★

(d) *Inapplicability to Discovery*. This rule does not apply to disclosures and discovery requests, responses, and objections under Rules 26 through 37.

**Addition to Reporter's Notes, 2026 Amendment.** This provision is modeled on the current version of Fed. R. Civ. P. 11(d) and should be interpreted in accordance with the federal rule. Simultaneously with this amendment, new Rule 26(g) is being added. New Rule 26(g) and the existing provisions of Rules 26 and 37 establish certification standards and sanctions that apply to discovery disclosures, requests, responses, and objections. It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11. *See* Fed. R. Civ. P. 11, Advisory Committee N. (1993 Amend.). Subdivision (d) has been added to accomplish this result. New Rule 11(d) differs from its federal counterpart in one material respect: Fed. R. Civ. P. 11(d) exempts discovery motions from the federal Rule 11. However, discovery motions are not included in the federal Rule 26(g) (the discovery-specific counterpart to Rule 11), creating a potential gap where discovery motions are held to a lesser standard than any other filing. New Arkansas Rule 11(d) fills this gap by omitting "motions" from the exclusion created by the new rule, thereby making it clear that discovery motions remain subject to the requirements of Rule 11.

**Ark. R. Civ. P. 26**

★ ★ ★ ★

(b) *Scope of Discovery*. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In general*. Parties may obtain discovery regarding any matter, not privileged, ~~which~~ that is relevant ~~to the issues in the pending actions, whether it relates~~ to any party's ~~the~~ claim or defense ~~of the party seeking discovery or to the claim or defense of any other party,~~ including the existence, description, nature, custody, condition, identity and location of any books, documents, or other tangible things and the identity and location of persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of any cause—and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. ~~It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.~~ Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

★ ★ ★ ★

(c) *Protective Orders.*

(1) *When Required.* Upon motion by a party or by the person from whom discovery is sought, stating that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, or on its own initiative, the court shall limit the frequency or extent of discovery otherwise allowed by these rules if it determines that: (A) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (B) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (C) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

(2) *For Good Cause Shown.* Upon motion by a party or by the person from whom discovery is sought, stating that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1A) that the discovery not be had; (2B) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3C) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4D) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5E) that discovery be conducted with no one present except persons designated by the court; (6F) that a deposition after being sealed be opened only by order of the court; (7G) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8H) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

★ ★ ★ ★

(f) *Claims of Privilege or Work-Product Protection.*

(1) *Asserting a Claim of Privilege or Work-Product Protection.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (A) expressly make

3

the claim; and (B) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(2) *Contents of Trial Court Orders for Production of Discovery When Defense to Production is a Privilege or the Opinion-Work-Product Protection.* When the defense to production of discovery is any privilege recognized by Arkansas law or the opinion-work-product protection, orders pursuant to Rule of Civil Procedure 37 compelling production of discovery or denying a motion to quash production of materials pursuant to Rule 45 shall be supported by factual findings and shall address the following factors:

(1A) the need to prevent irreparable injury;

(2B) the likelihood that the claim of privilege or protection would be sustained on appeal;

(3C) the likelihood that an immediate appeal would delay a scheduled trial date;

(4D) the diligence of the parties in seeking or resisting the discovery in the circuit court;

(5E) the circuit court's written statement of reasons supporting or opposing immediate review; and

(6F) any conflict with precedent or other controlling authority as to which there is substantial ground for difference of opinion.

The Supreme Court may, in its discretion, permit an interlocutory appeal from such orders pursuant to Ark. R. App. P.–Civ 2(f).

(g) *Signing Disclosures and Discovery Requests, Responses, and Objections.*

(1) *Signature Required; Effect of Signature.* Every disclosure and every discovery request, response, or objection must be signed by at least one attorney of record in his or her individual name. A self-represented person shall sign his or her disclosure, discovery request, response, objection, or motion. The signatory must state the signatory's address, e-mail address, and telephone number. The signature of an attorney or party constitutes a certificate by the signatory that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

(2) *Failure to Sign*. Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3) *Sanction for Improper Certification*. If a certification violates this rule without substantial justification, the court, on motion or on its own initiative, shall impose an appropriate sanction on the signatory, the party on whose behalf the signatory was acting, or both, and may issue an appropriate order under Rule 26(c) or Rule 37. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation. Any motion specifying a violation of this Rule 26(g) shall include a statement that the movant has in good faith conferred or attempted to confer with the party who served the subject disclosure, discovery request, response, or objection to obtain the withdrawal of the same without court action.

**Addition to Reporter's Notes, 2026 Amendments.** As originally adopted in 1979, Rule 26 was a "slightly modified version of FRCP 26." Ark. R. Civ. P. 26, Reporter's N., § 1. In the intervening decades since the initial adoption of the Arkansas Rules of Civil Procedure, the federal discovery rules have been amended many times, to narrow the scope of discovery, tighten the grounds and procedures for objections, and encourage courts to take a more active role in managing discovery. Rule 26 is now revised to adopt many of these amendments to the corresponding federal rule.

1.     Rule 26(b)(1) is revised to adopt the scope of discovery as currently defined by Fed. R. Civ. P. 26(b)(1) and should be interpreted in accordance with the federal rule. These revisions narrow the scope of what is discoverable, including by adding a requirement of proportionality to the scope of discovery. This amendment also eliminates the phrase "reasonably calculated to lead to the discovery of admissible evidence." While it remains true that "evidence need not be admissible to be discoverable" and that "relevance" for purposes of discovery is broader than for purposes of admission at trial, the phrase "reasonably calculated to lead to the discovery of admissible evidence" could be construed to extend the scope of discovery beyond relevance, and this amendment accordingly makes

clear that the scope of discovery is limited to non-privileged matters that are both relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26, Advisory Committee N. (2015 Amend.). The phrase beginning with "including the existence . . ." has been removed from the current version of the federal rule as unnecessary; however, it is retained here to prevent any argument that the narrowing of the scope of discovery in this amendment has removed these obviously relevant items from the permissible scope of discovery.

2. New Rule 26(c)(1) is modeled on the current version of Fed. R. Civ. P. 26(b)(2)(C) and, except where substantively modified, should be interpreted in accordance with the current version of that rule. While whether to issue a protective order is ordinarily left to the sound discretion of the court, this amendment establishes limited circumstances under which a protective order is mandatory. The court retains discretion to determine if those circumstances exist and the appropriate relief that should issue if so. The chief difference between this new Rule 26(c)(1) and its federal counterpart is that Fed. R. Civ. P. 26(b)(2)(C) omits a requirement that the moving party confer in good faith before involving the Court on a motion brought under that subdivision. This new Rule 26(c)(1) imposes a good-faith conferral requirement as a prerequisite to relief under this provision, as is required for nearly all discovery motions under the Arkansas Rules. The language of Fed. R. Civ. P. 26(b)(2)(C) is also modified to be consistent with existing language in the Arkansas Rules, but these changes are not intended to create any substantive differences in the meaning between new Rule 26(c)(1) and its federal counterpart. The existing Rule 26(c) was moved to new Rule 26(c)(2) without substantive revision.

3. New Rule 26(f)(1) is modeled on the current version of Fed. R. Civ. P. 26(b)(5)(A) and should be interpreted in accordance with the current version of that rule. It specifies more detailed provisions for the assertion of a claim of privilege or work-product protection. Under new Rule 26(f)(1)(B), the level of detail required to "enable other parties to assess the claim" of privilege will depend on the items at issue and the privilege asserted. *See* Fed. R. Civ. P. 26, Advisory Committee N. (1993 Amend.). A full "privilege log" would generally not be required, for example, as to litigation-related communications involving only counsel and their clients. The existing Rule 26(f) was moved to new Rule 26(f)(2) without substantive revision.

4. New Rule 26(g) is modeled on the current version of Fed. R. Civ. P. 26(g) and, except where substantively modified, should be interpreted in accordance with the current version of that rule. This provision creates similar requirements to those of Rule 11, but specifically tailored to discovery issues. There is one material difference between this new Rule 26(g) and its federal counterpart: Fed. R. Civ. P. 26(g) omits a requirement that the moving party confer in good faith before involving the Court on a motion brought under that subdivision. This omission from the federal rule seems inconsistent with the safe-harbor provisions of Rule 11 and the good-faith conferral requirements of almost all other discovery motions. As such, new Arkansas Rule 26(g) includes a good-faith conferral requirement as a prerequisite to a motion under that rule. The language of Fed. R. Civ. P. 26(g) is also modified to be consistent with existing language in the Arkansas Rules, but these changes

are not intended to create any substantive differences in the meaning between new Rule 26(g) and its federal counterpart.

**Ark. R. Civ. P. 33**

★ ★ ★ ★

(b) *Answers and Objections*. (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. (2) The party answering interrogatories shall repeat each interrogatory immediately before the answer or objection. The answers are to be signed by the person making them and the objections signed by the attorney making them. (3) The party upon whom the interrogatories have been served shall serve a copy of the answers, or objections within 30 days after the service of the interrogatories, except that a defendant must serve answers or objections within 30 days after the service of the interrogatories upon him or within 45 days after the summons and complaint have been served upon him, whichever is longer. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29. (4) A blanket objection to a set of interrogatories will not be recognized. All grounds for an objection to an interrogatory shall be ~~stated with specificity~~ made to the specific interrogatory or to a part thereof if it is compound, in which case the remaining parts of the interrogatory shall be fully answered. It is not sufficient to state merely that the interrogatory is not relevant or proportional or is otherwise improper. The grounds for the objection must be stated with particularity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown. (5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

★ ★ ★ ★

**Addition to Reporter's Notes, 2026 Amendment.** Rule 33(b)(4) is amended to specify additional requirements for the assertion of objections to interrogatories. This amendment is modeled on the current version of Local Rule 33.1 of the United States District Courts for the Eastern and Western Districts of Arkansas.

**Ark. R. Civ. P. 34**

★ ★ ★ ★

(b) *Procedure*.

★ ★ ★ ★

7

(2) The party upon whom the request has been served shall serve a written response within 30 days after the service of the request, except that a defendant must serve a response within 30 days after the service of the request upon him or within 45 days after the summons and complaint have been served upon him, whichever is longer. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, ~~in which event the reasons for objection shall be stated~~. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. <u>The production or inspection must be completed no later than the time specified in the request or another reasonable time specified in the response. A blanket objection to a set of requests will not be recognized. All grounds for an objection to a request shall be made to the specific request or to a part thereof if it is compound. It is not sufficient to state merely that the request is not relevant or proportional or is otherwise improper. The grounds for the objection must be stated with particularity. An objection must also state whether any responsive materials are being withheld on the basis of that objection.</u> The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

★ ★ ★ ★

**Addition to Reporter's Notes, 2026 Amendment.** <u>Rule 34(b)(2) is amended to specify additional requirements for responses and objections to requests for productions. This amendment incorporates additional procedures specified by the current versions of Fed. R. Civ. P. 34(b)(2)(B) and (C) and Local Rule 33.1 of the United States District Courts for the Eastern and Western Districts of Arkansas.</u>

**Ark. R. Civ. P. 36**

(a) *Request for Admission*. A party may serve upon any other party a written request for the admission, for purposes of the pending action, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. However, a defendant shall have 30 days after service of the request or 45 days after he has been served with the

summons and complaint to answer, whichever time is longer. These time periods may be shortened or lengthened by the court. <u>A blanket objection to a set of requests will not be recognized.</u> If objection is made, the reasons therefor shall be stated <u>as to the specific request or to a part thereof if it is compound, in which case the remaining parts of the request shall be fully answered. It is not sufficient to state merely that the request is not relevant or proportional or is otherwise improper. The grounds for the objection must be stated with particularity.</u> The party answering requests for admissions shall repeat each request immediately before the answer or objection. The answer shall specifically admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why he cannot admit or deny it.

★ ★ ★ ★

**Addition to Reporter's Notes, 2026 Amendment.** <u>Rule 36(a) is amended to specify additional requirements for the assertion of objections to requests for admission. This amendment is modeled on the current version of Local Rule 33.1 of the United States District Courts for the Eastern and Western Districts of Arkansas.</u>