Cite as 2026 Ark. 65

# SUPREME COURT OF ARKANSAS

No. CV–25–424

KENNY J. TRAVIS, JR.

APPELLANT

V.

DEXTER PAYNE, DIRECTOR,
DIVISION OF CORRECTION

APPELLEE

**Opinion Delivered:** April 16, 2026

PRO SE APPEAL FROM THE
JEFFERSON COUNTY CIRCUIT
COURT
[NO. 35CV-25-166]

HONORABLE JODI RAINES
DENNIS, JUDGE

AFFIRMED.

**BARBARA W. WEBB, Justice**

Appellant Kenny J. Travis, Jr. appeals from the circuit court's order denying his petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016) in the county where he is incarcerated. In the petition, Travis alleged due-process violations during the course of his criminal trial and claimed a miscarriage of justice resulting in his conviction. In addition, Travis claimed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) in connection with a coroner's report. The circuit court denied the petition on the basis that Travis's claims were not cognizable in habeas proceedings and had therefore failed to establish probable cause that Travis was being illegally detained. We affirm.

Travis was convicted by a Mississippi County jury of capital murder and aggravated robbery committed in June 2005 and was sentenced to life and ten years' imprisonment,

respectively. Travis appealed, and his conviction and sentences were affirmed. *Travis v. State*, 371 Ark. 621, 269 S.W.3d 341 (2007).

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Lowery v. Payne*, 2023 Ark. 85, 665 S.W.3d 223. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Jefferson v. Payne*, 2025 Ark. 174, 722 S.W.3d 769. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.*

Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the commitment order was invalid on its face, there is no basis for finding that a writ of habeas corpus should issue. *Id.*

In the petition filed in the circuit court, Travis raised the following allegations that he was deprived of due process during the course of his criminal trial: (1) there were inconsistencies in evidence establishing the victim's time of death; (2) the collection of fingerprint evidence was defective; (3) certain witness testimony was inconsistent with other

evidence gathered during the investigation; (4) the coroner's report addressing time of death was withheld in violation of *Brady*; (5) the coroner who authored the report did not testify at trial, depriving defense of the right to confront an adverse witness; (6) time of death reported by the coroner was improperly calculated.

On appeal, Travis raises additional due-process claims and includes new allegations disputing the reliability of the evidence supporting his conviction that were not raised in his petition for the writ filed in circuit court. This court has consistently held that arguments raised for the first time on appeal will not be considered, *Jackson v. State*, 363 Ark. 311, 214 S.W.3d 232 (2005). Furthermore, while Travis again complains in his brief-in-chief that the coroner's report was withheld from the defense, he does not raise or develop a *Brady* claim in his argument on appeal. Issues raised below but not argued on appeal are considered abandoned. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214.

Travis's claims that are preserved for our review do not state cognizable claims for habeas relief. His due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court and are not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred at trial. *Stephenson v. Kelley*, 2018 Ark. 271, 544 S.W.3d 44.

On the other hand, Travis raises additional arguments on appeal that include challenges to the trial court's jurisdiction. This court may address jurisdictional arguments made for the first time on appeal. *State v. Webb*, 373 Ark. 65, 281 S.W.3d 273 (2008). Travis contends that the information filed in his criminal case was defective and deprived the trial court of subject-matter jurisdiction and that a defective arrest warrant deprived the trial

court of personal jurisdiction. While certain defective-information claims that raise a jurisdictional issue, such as a claim of an illegal sentence, are cognizable in habeas proceedings, general defective-information allegations such as those raised by Travis[1] do not raise a jurisdictional issue. *Harkuf v. Kelley*, 2021 Ark. 107, 622 S.W.3d 638. Likewise, the court's jurisdiction to try the accused does not depend on the validity of the arrest warrant. *Id.*

Travis also contends for the first time on appeal that he was illegally sentenced to fifty-years' imprisonment for the aggravated-robbery conviction and further asserts that the sentencing order illegally stacked the sentences for capital murder and aggravated robbery. An illegal sentence is a jurisdictional question and may be addressed for the first time on appeal. A sentence that is illegal on its face and is beyond the circuit court's authority to impose gives rise to a question of subject-matter jurisdiction. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. Here, the sentencing order reflects that Travis was not sentenced to fifty years' imprisonment for aggravated robbery but was instead sentenced to 120 months' or ten years' imprisonment, which does not exceed the maximum for the offense. Aggravated robbery is a Class Y felony. Ark. Code Ann. § 5-12-103 (Repl. 1997). The maximum term of years for a Class Y felony is forty years. Ark. Code Ann. § 5-4-401 (Repl. 1997). Travis's claim that his sentences for capital murder and aggravated robbery were illegally stacked is likewise without merit. At the time the offense was committed in June 2005, trial courts

---

[1]Travis appears to contend that the "charging instrument" was defective because it lacked an essential element of the charged crime since it was amended from premeditated murder to capital murder. This does not invoke a jurisdictional issue.

had specific authority to sentence a defendant for the underlying felony of the capital murder, as well as the murder itself. *Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003).

Finally, Travis insists that the circuit court violated procedural and substantive due process by failing to hold a hearing on his claims for habeas relief. A hearing is not required on a habeas petition when probable cause for the issuance of the writ is not shown by affidavit or other evidence. *Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). For the reasons stated above, Travis did not produce evidence that would entitle him to issuance of the writ, and the circuit court was therefore not required to hold a hearing on his petition. The circuit court did not clearly err when it denied Travis's petition for writ of habeas corpus.

Affirmed.

*Kenny Travis, Jr.*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.